IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEBASTIAN BROWN PRODUCTIONS, LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 14-009-SLR ) |
| MUZOOKA INC., SHAWN WILSON, CHESTER ALDRIDGE, and IVORY OCTAVES, LLC, | ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM**

At Wilmington this 30th day of March, 2015, having reviewed defendants' motion to dismiss or, alternatively, to transfer, and the papers filed in connection therewith; the court will grant the motion to transfer (D.I. 13)[1] for the reasons that follow:

1. Generally speaking, the parties to this dispute are litigating the right to use the trademark MUZOOKA. Plaintiff Sebastian Brown Productions, LLC brought suit to enforce its alleged right to use the MUZOOKA trademark based on its Application Serial No. 85/420,834 filed on September 12, 2011 in connection with providing collaboration and telecommunication access services. Defendants assert that the mark was registered with the United States Patent and Trademark Office by defendant Ivory Octaves, LLC on December 10, 2013, Registration No. 4,448,314, which mark has

---

[1] Based on this conclusion, the remaining grounds for relief identified in defendants' motion (D.I. 13) will not be addressed and will be deemed moot.

been used by defendant Muzooka, Inc. since at least December 2011. Rather than file an answer to the complaint, defendants filed the instant motion, contesting (*inter alia*) personal jurisdiction and venue. The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338.

2. Plaintiff is a California limited liability company with a principal place of business in Livermore, California. Plaintiff's principal, J. Michael Miller, also is a resident of Livermore, California. Defendant Muzooka, Inc. is incorporated in the State of Delaware[2] and, as of January 6, 2014 (the date suit was filed), headquartered in Walnut Creek, California. On January 6, 2014, defendant Shawn Wilson resided in Calgary, Alberta, Canada, while defendant Chester Aldridge resided in San Rafael, California.

3. Plaintiff contends that the court can exert personal jurisdiction over the individual defendants because they conduct business in Delaware, that is,

> the users of muzooka.com continuously stream music content over the Internet. Muzooka.com is not a passive website where users go simply to get information; users go there to obtain a product. . . . The Defendants are advertising products (music and artists) on their website and encouraging users to stream those products. . . . Further, users can create an account on muzooka.com enabling them to further interact with the Defendants.

(D.I. 22 at 9; D.I. 23 at ¶¶ 3-5) Plaintiff further contends that the individual defendants, the founders and managers of Muzooka, Inc., "are primary participants in the alleged wrongdoing, which they intentionally target to occur in Delaware, as a jurisdiction into

---

[2]According to defendants, "[o]n June 4, 2010, Muzooka was organized in Delaware as Ivory Octaves, LLC. . . . Ivory Octaves was converted to Muzooka on January 1, 2013 through filing of a certificate of conversion in Delaware." (D.I. 14 at 2)

2

which their Internet-only business extends," citing *Toys "R" Us, Inc. v. Step Two, SA*, 318 F.3d 446 (3d Cir. 2003). (D.I. 22 at 10)

4. To establish personal jurisdiction, a plaintiff must produce facts sufficient to satisfy two requirements by a preponderance of the evidence, one statutory and one constitutional. *See Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 (3d Cir. 1984). With respect to the statutory requirement, the court must determine whether there is a statutory basis for jurisdiction under the forum state's long-arm statute. The constitutional basis requires the court to determine whether the exercise of jurisdiction comports with the defendant's right to due process. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

5. Delaware's long-arm statute is codified as 10 Del. C. § 3104(c) and allows a court to exercise personal jurisdiction over a nonresident defendant when said defendant or its agent: (1) transacts any business or performs any character of work or service in Delaware; (2) contracts to supply services or things in Delaware; (3) causes tortious injury in Delaware by an act or omission in Delaware; or (4) causes tortious injury by an act or omission outside Delaware if the defendant regularly does or solicits business or engages in any other persistent course of conduct in Delaware, or derives substantial revenue from services or things used or consumed in Delaware. 10 Del. C. §§ (c)(1) - (4). With the exception of § (c)(4), the long-arm statute requires a showing of specific jurisdiction. *See Shoemaker v. McConnell*, 556 F. Supp. 2d 351, 354 (D. Del. 2008). Subsection (4) confers general jurisdiction, which requires a greater number of contacts, but allows the exercise of personal jurisdiction even when the claim is

3

unrelated to the forum contacts. See Applied Biosystems, Inc. v. Cruachem, Ltd., 772 F. Supp. 1458, 1466 (D. Del. 1991).

6. If a defendant is found to be within the reach of the long-arm statute, the court must then analyze whether the exercise of personal jurisdiction comports with due process, i.e., whether plaintiff has demonstrated that the defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum State," so that it should "reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980) (citations omitted). For the court to exercise specific personal jurisdiction consistent with due process, a plaintiff's cause of action must have arisen from the defendant's activities in the forum State. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985). For the court to exercise general personal jurisdiction consistent with due process, a plaintiff's cause of action can be unrelated to the defendant's activities in the forum State, so long as defendant has "continuous and systematic contacts with the forum State." Applied Biosystems, Inc. v. Cruachem, Ltd., 772 F. Supp. at 1470.

7. In the context of Internet-based businesses, the Third Circuit has declared that

> the mere operation of a commercially interactive website should not subject the operator to jurisdiction anywhere in the world. Rather, there must be evidence that the defendant "purposefully availed" itself of conducting activity in the forum state, by directly targeting its web[]site to the state, knowingly interacting with residents of the forum state via its web[]site, or through sufficient other related contacts.

4

*Toys "R" Us*, 318 F.3d at 454.[3] In applying the legal standard to the facts of record, the Third Circuit concluded that plaintiff Toys failed to satisfy the purposeful availment requirement. The accused websites, "while commercial and interactive, d[id] not appear to have been designed or intended to reach customers in New Jersey." *Id.* Further, the two documented sales of record "appear to be the kind of 'fortuitous,' 'random,' and 'attenuated' contacts that the Supreme Court has held insufficient to warrant the exercise of jurisdiction." *Id.* at 454-455 (citations omitted).

8. Although plaintiff pays lip service to the Third Circuit's decision in *Toys "R" Us*, it nevertheless argues that the court can exert personal jurisdiction over the individual defendants based on the teachings of *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997). In *Zippo*, the district court noted, again in the context of Internet-based businesses, that

> the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet. This sliding scale is consistent with well developed personal jurisdiction principles. At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. . . . At the opposite end are situations where a defendant has simply posted information on an Internet [website] which is accessible to users in foreign

---

[3]*Accord, inno360, Inc. v. Zakta, LLC*, 2014 WL 2796911 (D. Del. June 19, 2014), at *4 ("[D]efendant did not purposefully avail itself of doing business with residents of Delaware merely because it knew its website could be accessed by residents of any state, including those in Delaware."); *Sanitec Industries, Inc. v. Sanitec Worldwide, Ltd.*, 376 F. Supp. 2d 571, 574 (D. Del. 2005) ("In the Third Circuit, the mere maintenance of an interactive website is insufficient to support personal jurisdiction in the absence of evidence indicating that the website operator intentionally aims the website at the forum state or knowingly conducts business with forum residents via the website.").

5

> jurisdictions. A passive [website] that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction. . . . The middle ground is occupied by interactive [websites] where a user can exchange information with the host computer. In those cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the [website].

*Id.* at 1124 (citations omitted). Ironically, despite crafting the analytical framework above, the district court in *Zippo* did not rely exclusively on its characterization of the website at issue, but looked to other non-Internet contacts.

> [Defendant] has done more than create an interactive [website] through which it exchanges information with Pennsylvania residents in hopes of using that information for commercial gain later. [And, indeed, w]e are not being asked to determine whether [defendant's website] alone constitutes the purposeful availment of doing business in Pennsylvania. . . . We are being asked to determine whether [defendant's] conducting of electronic commerce with Pennsylvania residents constitutes the purposeful availment of doing business in Pennsylvania. We conclude that it does. [Defendant] has contracted with approximately 3,000 individuals and seven Internet access providers in Pennsylvania. The intended object of these transactions has been the downloading of the electronic messages that form the basis of this suit in Pennsylvania.

*Id.* at 1125-1126.

9. The Third Circuit, in its *Toys "R" Us,* opinion, described the *Zippo* court as

> underscor[ing] the intentional nature of the defendant's conduct vis-a-vis the forum state. In *Zippo*, the defendant had purposefully availed itself of doing business in Pennsylvania when it "repeatedly and consciously chose to process Pennsylvania residents' applications and to assign them passwords," knowing that the contacts would result in business relationships with Pennsylvania customers. . . .

*Id.* at 452 (citations omitted).

10. Plaintiff argues that, because defendants' website falls within *Zippo's* second category of websites - that is, an interactive website where a user can exchange

6

information with the host computer - the exercise of personal jurisdiction is appropriate. Absent from the record, however, is any indication that any Delaware resident has done more than interact with the accused website.[4] Consistent with the above case law, plaintiff has failed to demonstrate that defendants have purposefully availed themselves of the forum State.

11. **Conclusion.** For the reasons stated, plaintiff has failed to demonstrate sufficient contacts to support the court's exertion of personal jurisdiction over the individual defendants. Consequently, venue is more appropriately lodged in the Northern District of California, pursuant to 28 U.S.C. 1404(a), where plaintiff is organized and headquartered, defendant Muzooka, Inc. is headquartered, defendant Aldridge resides, and the alleged events giving rise to the suit occurred. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). Therefore, defendants' motion to transfer is granted. An order shall issue.

United States District Judge

---

[4]The only evidence of record, submitted by affidavit, is based on a sampling of 50 "followers" of Muzooka, Inc.'s Twitter page, with "one claim to be located in Delaware." (D.I. 23, ¶ 3) There is no persuasive evidence that defendants have targeted Delaware residents, or that any Delaware resident has created an account on muzooka.com to enable further, continuous interaction with defendants.